**FREDERICK M. CARROLL**
California State Bar No. 227628
6161 El Cajon Blvd., Ste. B-271
San Diego, CA 92115
Telephone: (619) 306-7154

Attorney for Marcus Hodge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 23-CR-1820-JES |
| | ) | |
| Plaintiff, | ) | DATE: February 14, 2025 |
| | ) | TIME: 9:00 A.M. |
| v. | ) | |
| | ) | DEFENDANT'S SENTENCING |
| MARCUS HODGE, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO: TARA MCGRATH, UNITED STATES ATTORNEY,
LOREN RENE, ASSISTANT UNITED STATES ATTORNEY

Mr. Marcus Hodge, the defendant in this case, by and through counsel, Frederick M. Carroll, hereby files the following Sentencing Memorandum.

Although Mr. Hodge has made a good effort to include all objections herein, he reserves the right to contest additional legal or factual matters at sentencing.

**I.**

## STATEMENT OF FACTS

Mr. Hodge adopts the facts reported to the probation officer, and which the probation officer recounted in the Presentence Report. He also adopts the facts as reported in the Government's sentencing documents.

## II.

## CRIMINAL HISTORY

The parties and Probation agree that Mr. Hodge is in Criminal History II with three criminal history points.

## III.

## ADVISORY GUIDELINES CALCULATIONS

Although Mr. Hodge does not believe that advisory guidelines calculations accurately reflect all the mitigating factors in this case, he submits the following guideline analysis for the Court's reference.

### A. Guidelines Calculations.

Mr. Hodge concurs with the Government's Guideline calculations (with brief attention to the Minor Role issue, below).

### B. The Resulting Advisory Guideline Sentence

Mr. Hodge agrees that in criminal history category II with a resulting adjusted offense level of 23, the guideline range is 51-63 months. We ask the Court to consider this information along with the following mitigating sentencing factors in considering our request for a sentence not greater than 36 months, with considerations for non-custodial options, as Mr. Hodge is an employed US Citizen.

# IV.

## 18 USC 3553 SENTENCING FACTORS

### A. Nature and Circumstances of the Offense

Mr. Hodge agrees with the information as reported to probation and contained in the PSR, and as augmented by Government sentencing documents.

At the time of this offense, Mr. Hodge had been doing pretty well for himself, expanding his culinary businesses, spending time with family, working hard, and keeping the problems of his past, mostly more than a decade old, solidly in his past.

Then his 15-year old son was shot and killed—a senseless murder. Mr. Hodge was reeling with grief and began drinking heavily. Trying to deal with his tragic loss by throwing himself into work, he tried keeping his businesses afloat. His son's funeral expenses, combined with his terrible state of mind, sent him spiraling into some bad decisions—decisions that would quickly get worse.

Mr. Hodge knew he could make some quick money selling marijuana, especially high-quality California product, in his West Virginia area. As the Court knows all too well, negotiations with drug smugglers rarely go as planned. What started as an agreement to sell marijuana quickly morphed into a less mutually-beneficial and more coerced plan by others for Mr. Hodge to sell their methamphetamine. As the saying goes, he was in too deep at this point to just say no. His arrest and this case shortly followed.

## B. History and Characteristics of the Defendant

Mr. Hodge adopts the facts he reported to the probation officer as reflected in the Presentence Report. While coming from a broken family, Mr. Hodge's greatest challenges as a young man were the negative influences he was exposed to on the streets where he grew up. Environment and some bad decision making led to law enforcement contact and ultimately a felony conviction, as reported in the PSR, at age 25. While his mistakes are fairly well documented, his successes are less so. Since the 2012 offense and his 2013 release, he has had only two other law enforcement contacts—speeding tickets which he paid.

Notably, Mr. Hodge obtained his GED, knowing education would serve him better than street skills. He volunteers as a little league football coach, acting to keep youngsters in his community off the streets. All of this while he has worked and maintained several businesses, through the Global Pandemic, adjusting to the ebbs and flows of the culinary industry. One of his biggest concerns facing this hearing is who will run his businesses. He loves his family and children, and provides support for all of them. Mr. Hodge continues to reinvest in his businesses and ideas, to his own financial detriment, all because he continues to work for and sees a brighter future for himself and his children. Unfortunately, due to his mistakes, these positives will all have to be placed on hold, hopeful to be there upon his return from custody in this matter.

1. **Need For Rehabilitation Programs**

   Mr. Hodge has struggled with drugs and alcohol throughout his life, particularly upon the murder of his son. To his credit, he has been largely (and with the

help of his partner) able to fight off the booze and drugs. He is concerned, however, that upon release and dealing with the stresses of getting his life back on track, that temptations may be hard to overcome. He candidly asks for placement in the BOP 500-hour RDAP program and according designation. This echoes Probation's recommendation in his PSR. PSR 22:156.

As he hopes to use time in custody to acquire new skills, particularly in electrical work, and to facilitate family visitation, he further requests a recommended designation on the East Coast to a facility with electronics vocational programs. His primary designation request remains for a facility with RDAP.

2. **A Note on Minor Role**

Government counsel notes in filings that the minor role issue is a "close call", and defense counsel agrees. Defense counsel concedes that a strict reading of the requirements for minor role would disqualify Mr. Hodge. However, we suggest that given it is a close call, and that there were certainly individuals with much greater roles and that Mr. Hodge's role was, in part, dictated to him, that some mitigated sentencing consideration should be given, rather than the all or nothing 6-point USSG swing that would result in a range of 24-30 months. To that end, Mr. Hodge suggests his recommended sentence of 36 months.

**C. The Need for the Sentence Imposed**

The need for the sentence is based upon the seriousness of the offense, the need for deterrence and protection of the community. While the offense for which Mr. Hodge was convicted is no doubt serious, there is no need for further deterrence in this matter.

He has been a model of efforts for self-improvement during his case's pendency, while he has been on bond. All checks have been positive and with no issues. Since his arrest, he has been showing his remorse and attempts to do right with his words and deeds, in every way he knew how to. He has shown himself to be a reliably employed, solid member of the community while on pretrial release, posing no supervision issues. He looks to show the Court through his continued actions that this offense was a terrible decision that he dearly wishes he could take back. He looks to better himself and show the Court through his actions that custody beyond that recommended would serve little further specific or general deterrence. He is eager to comply with whatever conditions the Court and Probation deem appropriate in this regard.

**D. The Kinds of Sentences Available**

As Mr. Hodge is a citizen, all options are available.

**E. Sentencing Recommendation**

Based on the facts presented herein and contained in the Presentence Report, Mr. Hodge respectfully requests a sentence not to exceed 36 months in custody, with consideration for all non-custodial options, and and East Coast designation recommendation with RDAP.

Respectfully submitted,

*/s/ Frederick M. Carroll*

DATED: February 12, 2025

Frederick M. Carroll

Attorney for Mr. Hodge

*CERTIFICATE OF SERVICE:*

*I certify that this Sentencing Memorandum was served on all parties via ECF.*

***/s/ Frederick M. Carroll***